FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>    Plaintiff,<br><br>v.<br><br>VOLODOMYR ZELENSKYY, et al.,<br><br>    Defendants. | No. 2:25-CV-00446-MKD<br><br>ORDER DISMISSING ACTION<br><br>**ECF No. 2** |

    Plaintiff filed a Complaint on November 7, 2025. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 2. A complaint filed by any party that seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that is, among other things, frivolous. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Having reviewed Plaintiff's allegations

ORDER - 1

liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes Plaintiff's Complaint is frivolous.

Plaintiff appears to assert defamation claims on behalf of third parties but lacks the standing to do so. *See Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (citations omitted). Plaintiff also maintains that the United States District Court for the District of New Jersey has subject matter jurisdiction over this action. ECF No. 1 at 6. Plaintiff, who has the burden of establishing jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted), has failed to show why this Court has jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action if subject matter jurisdiction is lacking). The Court thus dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of Plaintiff's lack of standing to assert these claims and the apparent lack of jurisdiction this Court has over the matter, the Court denies leave to amend. *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED with prejudice**.

ORDER - 2

2. Plaintiff's application to proceed *in forma pauperis*, **ECF No.** 2, is **DENIED** as moot.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Plaintiff, and **CLOSE THE FILE**.

DATED November 18, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3